UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff, | :<br>:<br>: |
| v. | :   File No. 1:09-CR-64-jgm-2 |
| JEREMY D. ZULLO,<br>        Defendant. | :<br>:<br>:<br>: |

ORDER

Defendant Jeremy Zullo has filed a Notice of Interlocutory Appeal following the Court's May 28, 2013 denial of his motion to set aside his convictions and dismiss the indictment against him. (Doc. 1190.) He asserts the motion was erroneously denied, "based upon a manifest misapprehension of fact or law," and "the legal issue is so materially integral to the disposition of the case, appellate review is mandatory to resolve." (Doc. 1190.) He requests the Court certify an interlocutory appeal under Federal Rule of Appellate Procedure 5 and 28 U.S.C. §§ 1291-1292 and stay the case in the interim. Id.

In the May 28 Ruling, the Court held the indictment sufficiently charged the counts against Zullo and determined as a matter of discretion that his ineffective assistance of counsel claim was better addressed in a future motion under 28 U.S.C. § 2255. The remand to this Court was solely for resentencing and the Court indicated it would schedule Defendant's sentencing shortly after the ruling issued. See Doc. 1016 at 2. Defendant filed his Notice of Interlocutory Appeal on May 31, 2013.

Defendant notices his appeal under the authority of Federal Rule of Appellate Procedure 5 and 28 U.S.C. §§ 1291-1292. Defendant effectively concedes he cannot appeal as of right by his failure to cite Federal Rule of Appellate Procedure 4(b) governing appeals as of right in criminal cases. See Fed. R. App. P. 4(b). 28 U.S.C. § 1291 concerns final decisions of district courts and

provides the courts of appeals have jurisdiction of appeals from all final decisions of the district courts. 28 U.S.C. § 1291. A "final decision" is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945); see also Riley v. Kennedy, 553 U.S. 406, 419 (2008) (quoting Catlin). 28 U.S.C. § 1292 concerns interlocutory decisions but the relevant subsection applies to civil, not criminal, actions. 28 U.S.C. § 1292(b). Accordingly, neither § 1291 nor § 1292 supports Defendant's attempt to appeal the Court's May 28 Ruling because it was not a final decision and this case is criminal. Federal Rule of Appellate Procedure 5 provides for an appeal by permission and states a district court may amend an order in response to a party's motion to include a permission statement. Fed. R. App. P. 5(a)(3). Though Defendant's notice of interlocutory appeal is not styled as a motion, the Court will consider it as such. The Court, in its discretion, determines the policy against piecemeal appeals counsels against amending the May 28 Ruling to allow Defendant permission to request permission to appeal from the Court of Appeals. See Fed. R. App. 5(a). Accordingly, Defendant's request is DENIED.

The Court again notes it will schedule a sentencing hearing and advise the parties. After Defendant is sentenced, he will have fourteen days to appeal. See Fed. R. App. 4(b)(1)(A). The Defendant is reminded that any future filings must be served on the Assistant U.S. Attorney, and a confirming Certificate of Service filed with the Court.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 5th day of June, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge