UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| UNITED STATES OF AMERICA, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | File No. 1:09-cr-64-jgm-02 |
| | : | |
| JEREMY D. ZULLO, | : | |
| Defendant. | : | |
| | : | |

RULING ON MOTION FOR RECONSIDERATION
(Doc. 1195)

Defendant Jeremy Zullo moves the Court to reconsider its ruling denying his motion to set aside his convictions and dismiss the indictment against him. (Doc. 1195.) The ruling was entered May 28, 2013. (Doc. 1189.) In his original motion, Zullo contended Counts 1, 16 and 27 of the Second Superseding Indictment fail to state an offense and his trial counsel was ineffective. (Doc. 1160 at 2.) In moving for reconsideration, Zullo contends the Court "over-looked or misapprehended" the issue he raised regarding whether the indictment complied with Federal Rule of Criminal Procedure 7(c)(1). (Doc. 1195 at 1.) The government opposes the motion asserting the Court's decision specifically addressed his argument concerning the language of the charge to which he pled guilty. (Doc. 1196.) The motion for reconsideration is denied.

As the Court previously noted (Doc. 1189 at 3), because Zullo is a pro se litigant, his submissions are held "to less stringent standards than formal pleadings drafted by lawyers." Hugues v. Rowe, 449 U.S. 5, 9 (1980) (citation omitted). Accordingly, a court must "read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citation omitted). Nonetheless, a pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

The standard for granting a motion to reconsider is strict, and reconsideration is generally denied unless the moving party points to controlling decisions or data that the court overlooked: "matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). If the moving party is seeking solely to relitigate an issue already decided, the court should deny the motion for reconsideration and adhere to its prior decision. Id.

Because the Court has considered and rejected Zullo's Rule 7(c)(1) argument (Doc. 1189 at 3-5) and Zullo does not point to controlling decisions the Court overlooked, the motion for reconsideration is DENIED. The resentencing hearing is set for August 15, 2013, at 10:00 a.m.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 8th day of August, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge